UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRINA PEAKE,

        Petitioner,        Case Number: 2:16-CV-11169
                                    HON. GEORGE CARAM STEEH

v.

ANTHONY STEWART,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR DISMISSAL AND DENYING CERTIFICATE OF APPEALABILITY**

    Petitioner Trina Peake, a Michigan state prisoner currently incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. She challenges her manslaughter conviction. Respondent has filed a motion for dismissal, arguing that the petition should be denied because it is untimely. For the reasons stated herein, the Court finds the petition for a writ of habeas corpus is untimely and grants the Respondent's motion. The Court also declines to issue Petitioner a certificate of appealability, and grants her leave to proceed on appeal *in forma pauperis*.

-1-

## I. Background

Petitioner pleaded guilty in Kalamazoo County Circuit Court to manslaughter. On October 22, 2012, she was sentenced to 7 to 15 years' imprisonment.

Petitioner did not file a direct appeal in state court. On March 5, 2014, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion on. April 23, 2014. *See* 4/23/142 Op. & Ord. (ECF No. 6-9). Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *See* 3/30/15 Order, *People v. Peake*, No. 324222 (ECF No. 6-10). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Peake*, 499 Mich. 855 (Feb. 2, 2016).

Petitioner filed the pending habeas petition on March 23, 2016. Respondent has filed a motion for dismissal on the ground the petition was not timely filed.

## II. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. A prisoner must file a federal habeas corpus petition within

one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at the expiration of the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not re-fresh the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner was sentenced on October 22, 2012. Because Petitioner did not pursue a direct appeal in the state courts, the conviction became final six months later on April 22, 2013, when the time for filing a delayed application for leave to appeal with the Michigan Court of Appeals expired. See Mich. Ct. R. 7.205(F)(3) (amended 2011). The one-year limitations period applicable to habeas corpus petitions thus commenced on April 23,

2013 and continued to run until Petitioner filed a motion for relief from judgment in the trial court on March 10, 2014. That motion, a properly filed motion for state-court collateral review, tolled the limitations period with 43 days remaining. See 28 U.S.C. § 2244(d)(2). The limitations period resumed running on February 3, 2016, the day after the Michigan Supreme Court denied Petitioner's application for leave to appeal. The limitations period continued running until it expired on March 17, 2016. The petition was filed on March 23, 2016, six days after the limitations period expired.

Petitioner does not assert an argument for equitable tolling in her petition and has not responded to the motion. The Court finds no basis for equitable tolling and will grant the motion for dismissal.

### III.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## IV. Conclusion

The Court finds that Petitioner failed to file her habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion to Dismiss (ECF No. 5) and the petition for a writ of

habeas corpus is DISMISSED. The Court DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, she may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: January 24, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 24, 2017, by electronic and/or ordinary mail and also on Trina Peake #524620, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197.

s/Barbara Radke
Deputy Clerk